**CLD-068**                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4098
_____

KEITH JENNINGS,
Appellant

v.

R. MARTINEZ, Warden

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:10-cv-02518)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2011

Before: RENDELL, HARDIMAN and ROTH  , Circuit Judges

(Opinion filed:  January 23, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Keith Jennings, a federal inmate proceeding pro se, appeals from the

United States District Court for the Middle District of Pennsylvania's dismissal of his

habeas corpus petition and denial of his subsequent motion for reconsideration.  For the

reasons that follow, we will summarily affirm.

I.

In March 2000, Jennings was sentenced to life imprisonment following his conviction in the United States District Court for the Northern District of New York for various offenses stemming from his involvement in a narcotics conspiracy based in Utica, New York. The United States Court of Appeals for the Second Circuit affirmed that judgment on direct appeal, and the United States Supreme Court subsequently denied his petition for a writ of certiorari.

In October 2003, Jennings moved the trial court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising several claims. In July 2007, the trial court denied that motion, concluding that a subset of the claims had already been rejected on direct appeal, and that the remaining claims lacked merit. Jennings's motion for reconsideration of that decision was denied, and he did not file an appeal.

In December 2010, Jennings, who was (and still is) confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania ("the District Court"). The petition alleged that Jennings was in custody "by virtue of an unconstitutional trial proceeding," and that "the conviction and its sentence is in excess of the constittution [sic] authority of the court." (Habeas Pet. 1, 4.) More specifically, the petition appeared to claim that there was an error in the judgment and commitment order issued against him, and that the Presentence Investigation Report

had miscalculated his criminal history category. As relief, the petition requested that the District Court "grant[] his immediate release from unlawful custody." (Id. at 5.)

On December 21, 2010, District Court Judge Malcolm Muir, acting sua sponte, entered an order dismissing the petition, concluding that Jennings had not shown that § 2255 was inadequate or ineffective to test the legality of his detention, or that the Second Circuit had granted him leave to file a second or successive § 2255 motion. On January 14, 2011, the District Court received Jennings's motion for reconsideration of its December 21, 2010 order. On March 24, 2011, Judge Muir dismissed that motion as untimely.

On April 5, 2011, the District Court received another motion for reconsideration from Jennings, this time challenging the March 24, 2011 order. While this latest motion was pending, the case was reassigned to District Judge William J. Nealon. On October 5, 2011, Judge Nealon granted reconsideration of the March 24, 2011 order, concluding that the earlier motion for reconsideration had been timely filed. In that same October 5, 2011 order, Judge Nealon denied the earlier motion for reconsideration on the merits, concluding that Jennings had failed to establish that Judge Muir's dismissal of the habeas petition should be disturbed. This appeal followed.[1]

II.

We begin our analysis by outlining the scope of our review. Jennings's notice of

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3

appeal explicitly referenced only the October 5, 2011 order; however, it appears that the notice may have sought to challenge the December 21, 2010 order as well. Federal Rule of Appellate Procedure 3(c)(1) provides that a notice of appeal must, inter alia, "designate the judgment, order, or part thereof being appealed." We liberally construe this requirement, for "[w]e have held that appellate jurisdiction vests over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent, the opposing party is not prejudiced and has a full opportunity to brief the issues." Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). Finding those conditions satisfied here, we will review not only the District Court's October 5, 2011 order, but also its December 21, 2010 order.[2]

We exercise plenary review over the District Court's legal conclusions undergirding its dismissal of Jennings's habeas petition, and review the court's underlying factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review the District Court's denial of Jennings's first motion for reconsideration for abuse of discretion, exercising plenary review over the court's underlying legal conclusions, and reviewing its factual findings for clear error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). We may take summary action in this appeal "if it clearly appears that

---

[2] Because Jennings's first motion for reconsideration was ultimately deemed timely, the time for appealing from the District Court's December 21, 2010 order was tolled until the court denied that motion in its October 5, 2011 order. See Fed. R. App. P. 4(a)(4)(A).

4

no substantial question is presented." 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the legality of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the petitioner cannot meet the gatekeeping requirements for filing a second of successive § 2255 motion. Id. at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

In this case, we agree with the District Court that Jennings failed to show that a § 2255 motion is an inadequate or ineffective means of challenging the legality of his conviction and/or sentence. Although his notice of appeal briefly claims that he is contesting the *execution* of his sentence, not its legality — such a challenge would be properly raised under § 2241, see Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241

---

Since Jennings filed the instant notice of appeal within 60 days of the October 5, 2011 order, this appeal is timely as to both orders at issue here. See Fed. R. App. P. 4(a)(1)(B).

(3d Cir. 2005) — the contents of his petition indicate otherwise.  In short, Jennings has not demonstrated that the District Court erred in dismissing his petition, or that the court abused its discretion in denying reconsideration of that dismissal.  Because this appeal does not present a substantial question, we will summarily affirm both of the District Court orders before us.  Jennings's "Motion Opposing the Court's Referral of [His] Notice of Appeal for Summary Judgment" is denied.